FILED'09 JUN 11 10:35USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLEN BAGGETT,                              Civ. No. 08-6249-AA

       Plaintiff,                              ORDER

   v.

AAA, AAA MOUNTAINWEST,
TRAVELERS, AAA OREGON/IDAHO,

       Defendants.

AIKEN, Judge:

    Plaintiff, appearing *pro se*, filed suit alleging negligence against defendants as a result of an incident with his automobile while on vacation in July 2007. Several motions are currently before the court, including motions to compel and motions for summary judgment filed by all parties.

    Plaintiff moves to compel documents from the AAA defendants. Apparently, plaintiff declined to sign a protective order, and presumably the AAA defendants have not produced the documents requested. Notably, plaintiff fails to explain why he will not agree to a protective order. For plaintiff's information, such

1   - ORDER

orders are commonplace in litigation. Regardless, plaintiff's motion fails to describe the nature of the documents sought or explain why they are relevant to his claims. Therefore, plaintiff's motion to compel is denied.

Plaintiff also moves for summary judgment. As indicated by the below notice of summary judgment standards, plaintiff's motion is deficient in several respects. Further, plaintiff fails to present evidence that establishes liability on the part of defendants, and his motion for summary judgment is denied.

Defendants move to compel the production of documents and responses to interrogatories. Plaintiff refused to comply with the AAA defendants' requests for production of documents, because he found the requests too "vague and broad." To the contrary, the requests are narrowly tailored and seek documents relevant to plaintiff's claims. Plaintiff likewise objected to and provided incomplete answers to the defendants' interrogatories. However, the interrogatories seek to discover information and evidence plaintiff relies on to support his claims and are appropriate.

However, I decline to grant the motions to compel at this time. Defendants also filed motions for summary judgment, and if those motions ultimately are granted, the motions to compel will become moot. Therefore, Travelers' and the AAA defendants' motions to compel are stayed pending resolution of the motions for summary judgment. If those motions are denied and the case proceeds,

plaintiff will be ordered to produce the documents requested and provide complete answers to the interrogatories.

Finally, if summary judgment is sought against claims brought by a *pro se* plaintiff, the court must notify the plaintiff of relevant summary judgment standards under Federal Rule of Procedure 56. Accordingly, before considering Travelers' and the AAA defendants' motions for summary judgment, plaintiff is so advised.

## NOTICE TO PLAINTIFF - WARNING

### *This Notice is Required to be Given*

### *to You by the Court*

A motion for summary judgment filed under Rule 56 of the Federal Rules of Civil Procedure will, if granted against you, end your case.

Rule 56 tells you what you must do in order to seek or oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact. In other words, if there is no real dispute about any fact that would affect the result of your case, the party who requests summary judgment is entitled to judgment as a matter of law, which will end your case.

When a party you are suing files a motion for summary judgment you cannot simply rely on what your complaint says. Instead, you must set forth specific facts that support your claims through evidence such as declarations, depositions, answers to interrogatories, or authenticated documents as provided in Rule

3    - ORDER

56(e). Such evidence must contradict the facts shown in the defendants' declarations and documents and show there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition to a defendant's motion, summary judgment may be entered against you. If the defendant's motion for summary judgment is granted against you, your case will be dismissed and there will be no trial.

Local Rule 56.1 of the District Court of Oregon also requires that you provide a response to the defendants' separate concise statements of fact that responds to each numbered paragraph by: 1) accepting or denying each fact contained in defendants' concise statement; or 2) articulating opposition to defendants' contention or interpretation of the undisputed material fact.

Importantly, the facts set forth in defendants' concise statements of fact will be deemed admitted unless specifically denied, or otherwise controverted by you. After responding to defendants' numbered paragraphs, you may then set forth other relevant material facts that are at issue or otherwise necessary for the court to resolve the motion for summary judgment.

## CONCLUSION

For the reasons explained above, plaintiff's Motion to Order Discovery (doc. 60) and Motion for Summary Judgment (doc. 63) are DENIED. Defendants' Motions to Compel (docs. 46, 49) are STAYED pending resolution of their motions for summary judgment.

4     - ORDER

**Plaintiff shall file a response to Travelers' and the AAA defendants' Motions for Summary Judgment within thirty (30) days from the date of this order. Failure to follow the court's order and file a response may result in the granting of defendants' motions for summary judgment.** Travelers' and the AAA defendants' Motions for Summary Judgment (docs. 42, 52) are taken under advisement as of July 27, 2009.

IT IS SO ORDERED.

Dated this _10_ day of June, 2009.

_____
Ann Aiken
United States Chief District Judge

5    - ORDER