IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLEN BAGGETT,                                   Civ. No. 08-6249-AA

    Plaintiff,                                   OPINION AND ORDER

    v.

AAA, AAA MOUNTAINWEST,
TRAVELERS, AAA OREGON/IDAHO,

    Defendants.

---

AIKEN, Chief Judge:

    Plaintiff, appearing *pro se*, filed suit alleging claims of negligence, bad faith, and unfair claims settlement practices after his vehicle was damaged by a tow truck driver while on vacation in Montana state. Defendants move for summary judgment on plaintiffs' claims, arguing that he fails to present evidence that they were negligent in contracting with or insuring the tow truck driver or that they exercised bad faith in responding to his claims of loss. The motions are granted.

1   - OPINION AND ORDER

BACKGROUND

In June 2007, plaintiff and his girlfriend were camping in Montana when plaintiff's vehicle would not start. Plaintiff called AAA for roadside assistance using his girlfriend's AAA number, and AAA Oregon/Idaho dispatched B&B Auto (B&B). AAA Oregon/Idaho provides dispatch services for AAA MountainWest, and B&B was an independent contractor of AAA MountainWest. George Borner of B&B arrived to assist plaintiff, and while Borner was securing plaintiff's vehicle to the tow truck, it was damaged. After the vehicle was towed, plaintiff claims that he saw Borner "leering" at his girlfriend and looking down the front of her shirt. Plaintiff subsequently discovered that Borner was a registered sex offender.

B&B was insured by Charter Oak Fire Insurance Company (Charter Oak). Immediately after the incident, plaintiff apparently was unable to obtain a rental vehicle, in part due to Charter Oak's misunderstanding that plaintiff sought hotel expenses in lieu of loss of use expenses. Plaintiff subsequently submitted claims of loss to Charter Oak seeking reimbursement for the value of his damaged vehicle, damage to personal property inside the vehicle, loss of use damages, and hotel and rental car expenses. Pursuant to the B&B's liability coverage, Charter Oak paid plaintiff $1,249 for damage to the vehicle, $1290 for rental car expenses, and $409 for hotel expenses.

On August 5, 2008, plaintiff filed suit.

2      - OPINION AND ORDER

## STANDARDS

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court must draw all reasonable inferences supported by the evidence in favor of the non-moving party. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. Id. at 324. A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Ninth Circuit has refused to find a genuine issue of fact where the only evidence presented is "uncorroborated and self-serving" testimony. Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996).

## DISCUSSION

Plaintiff alleges that AAA defendants were negligent in contracting with George Borner to provide roadside assistance, because he is a registered sex offender, owns a tavern, and was

3   - OPINION AND ORDER

"hung over" when dispatched to assist plaintiff. Plaintiff also alleges that Charter Oak exercised bad faith and "unfair claim settlement" practices in responding to his claims of loss, committed "policy violations," removed evidence and illegally took possession of plaintiff's property, and violated "government and corporate regulations."

At the outset, I note that neither the AAA defendants nor Charter Oak caused the initial damage to plaintiff's vehicle. Rather, it appears that George Borner dba B&B caused such damage, and plaintiff asserts no grounds to hold defendants liable for Borner's actions. Therefore, plaintiff's claims are necessarily limited to the AAA defendants' actions in contracting with and dispatching Borner and Charter Oak's actions in responding to plaintiff's claims of loss.

Although plaintiff filed suit in the District Court of Oregon based on diversity jurisdiction, the events underlying his claims occurred in Montana. In applying this forum's choice of law rules, I find that the law of Oregon and Montana arguably conflict with respect to third party claims against insurers, and that Montana has the most significant relationship to the events alleged in plaintiff's Amended Complaint. See Arno v. Club Med Boutique Inc., 134 F.3d 1424, 1425 (9th Cir. 1998) (federal courts exercising diversity jurisdiction "must look to the law of the forum state in making a choice of law determination"); Spirit Partners, LP v.

4   - OPINION AND ORDER

Stoel Rives LLP, 212 Or. App. 295, 304-05, 157 P.3d 1194 (2007) (in a choice of law problem, Oregon courts must determine "whether the laws of the different states actually conflict" and "which state has the most significant relationship to the parties and the transaction."). Therefore, I apply Montana law.

AAA defendants move for summary judgment on several grounds, including that AAA MountainWest did not negligently contract with Borner/B&B. I agree. Prior to June 2007, AAA MountainWest was unaware of any accidents involving Borner, and plaintiff presents no evidence that AAA MountainWest had knowledge that Borner consumed alcohol or was "hung over" while responding to AAA dispatch calls. Absent such knowledge, plaintiff fails to establish that it was foreseeable to AAA MountainWest that plaintiff would suffer harm as a result of contracting with Borner to provide roadside assistance. Fisher v. Swift Transp. Co., Inc., 181 P.3d 601, 607-08 (Mont. 2008). Likewise, plaintiff presents no evidence that AAA MountainWest had prior knowledge of Borner's status as a registered sex offender or that he suffered compensable damage as a result of that status to establish liability on the part of MountainWest. Id. Even if plaintiff's girlfriend was joined as a plaintiff, Borner's alleged "leering" at her is not tortious conduct by MountainWest.

In sum, plaintiff fails to present evidence that AAA MountainWest was negligent in contracting with Borner. As a

5 - OPINION AND ORDER

result, plaintiff cannot establish that AAA Oregon/Idaho was negligent in dispatching Borner to assist plaintiff, or that AAA was negligent in any respect. Accordingly, the AAA defendants' motion for summary judgment is granted.

Plaintiff also alleges that Charter Oak exercised bad faith in responding to and administering his claims of loss. Notably, plaintiff does not have a contractual relationship, i.e., an insurance policy, with Charter Oak. Instead, Charter Oak was the insurer for Borner/B&B and interacted with plaintiff, a third party claimant, in that capacity. Therefore, plaintiff cannot assert breach of contract or insurance policy claims against Charter Oak.

Montana permits a third party claimant to bring "an independent cause of action against an insurer for actual damages caused by the insurer's violation of subsection (1), (4), (5), (6), (9), or (13)" of Mont. Code Ann. § 33-18-201. See Mont. Code Ann. § 33-18-242(1). However, "[a] third-party claimant may not file an action under this section until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim." Id. § 33-18-242(6)(b). Plaintiff presents no evidence that he has obtained a judgment or settled any claims against the insured, Borner/B&B. Regardless, even if plaintiff has "settled" his claims against Borner/B&B by accepting payment from Charter Oak, I find that plaintiff cannot prevail on this claim.

As relevant to this case, plaintiff alleges that Charter Oak

violated subsections (4) and (6) of § 33-18-201 by "refus[ing] to pay claims without conducting a reasonable investigation based upon all available information," and "neglect[ing] to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear." However, based on the evidence presented by plaintiff and Charter Oak, it is undisputed that plaintiff failed to provide Charter Oak with documents establishing _legal_ title to his vehicle, the amount paid for his vehicle (purchased one week prior to his Montana vacation), or documentary evidence (receipts, etc.) of other claimed losses. Indeed, plaintiff submits no evidence that he _ever_ submitted the above information to Charter Oak to establish a basis for or entitlement to the amounts claimed.

Absent evidence that plaintiff provided such basic information to Charter Oak in a timely manner, plaintiff raises no genuine issue of material fact suggesting that Charter Oak refused to pay plaintiff's claims without investigation or failed to engage in good faith settlement of plaintiff's claims. Even if Charter Oak arguably could have improved its initial handling of plaintiff's claims with respect to its efforts to obtain a rental vehicle, such evidence fails to support a claim of unfair settlement practices, particularly in light of plaintiff's failure to cooperate with Charter Oak's requests for documentation.

Finally, plaintiff fails to present any legal authority to

7    - OPINION AND ORDER

support a claim for negligence arising from Charter Oak's issuance of an insurance policy to a registered sex offender, particularly when plaintiff's claims against Charter Oak do not arise out of Borner's status.

## CONCLUSION

Defendants' Motions for Summary Judgment (docs. 42, 52) are GRANTED, and all other pending motions (docs. 46, 49, 82, 83, 90) are DENIED AS MOOT.  This action is DISMISSED.
IT IS SO ORDERED.

Dated this __15__ day of September, 2009.

_____
Ann Aiken
Chief United States District Judge